ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
WENDY T. WU (Cal. State Bar No. 242075)
Assistant United States Attorney
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0619
    Facsimile: (213) 894-0141
    E-mail:   Wendy.Wu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 13-917-DMG |
|---|---|
| Plaintiff, | STIPULATION AND APPLICATION FOR PROTECTIVE ORDER FOR DISCOVERY RE: DEFENDANT HUNTER MOORE |
| v. | |
| HUNTER MOORE and CHARLES EVENS,    aka "Gary," | |
| Defendants. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California, and defendant Hunter Moore, both individually and through his counsel of record, Robert M. Holley, Esq., hereby stipulate and request the Court to find and order as follows:

    1.   The indictment in this case was filed on December 20, 2013. Defendant made his initial appearance in the United States

1  District Court for the Central District of California on February 7,
2  2014.
3       2.   The 15-count indictment charges defendant and co-defendant
4  Charles Evens each with violations of 18 U.S.C. § 371: Conspiracy;
5  18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i): Unauthorized Access to a
6  Protected Computer to Obtain Information; 18 U.S.C. § 1028A:
7  Aggravated Identity Theft; and 18 U.S.C. § 2: Aiding and Abetting
8  and Causing an Act To Be Done.  Defendants are released on bond
9  pending trial.
10       3.   The indictment alleges that defendants conspired to hack
11 into victims' e-mail accounts to steal nude photos that were later
12 posted on defendant Moore's self-described "revenge porn" website
13 http://isanyoneup.com without the victims' permission.
14       4.   The discovery in this matter contains sensitive
15 information belonging to victims and witnesses, including but not
16 limited to the following:  personal identification information, such
17 as names, dates of birth, addresses, phone numbers, Social Security
18 numbers, e-mail addresses, e-mail and social media messages, and
19 private pictures, including nude or sexually explicit pictures.  In
20 addition, a substantial portion of the discovery consists of raw
21 digital data, more than 100 gigabytes in total, recovered from
22 digital devices seized pursuant to search warrants or obtained from
23 Internet Service Providers.  Such digital data contains sensitive
24 information that cannot easily be redacted.
25       5.   The government intends to produce, and the defense intend
26 to review, the above-described discovery containing sensitive
27 information.  To serve the government's interest in protecting such
28 information, including the government's interest in safeguarding

against further dissemination or use by any person, including defendant, and also to serve and protect defendant's right to prepare an effective defense in this case, the parties have stipulated to the entry of a Protective Order for discovery in this case.

6. Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

7. The record demonstrates good cause to permit the Court to exercise its discretion to restrict discovery and inspection of the sensitive information in this case and to grant such relief as is necessary to ensure the confidentiality of such information.

8. Accordingly, the parties hereby stipulate and ask the Court to issue a Protective Order for discovery according to the following terms:

   a. As used herein, "Confidential Information" includes information belonging to any person who is or may become a victim or witness in this case, including but not limited to personal identification information, such as names, dates of birth, addresses, phone numbers, Social Security numbers, e-mail addresses, contents of e-mail and social media messages, and private pictures, including nude or sexually explicit pictures, and any information within the definitions of "means of identification" under 18 U.S.C. § 1028(d)(7).

   b. The government shall not produce discovery materials containing Confidential Information to defense counsel until such time as the requested Protective Order is issued.

3

   c. All materials in any form that contain Confidential Information shall be covered by this stipulated Protective Order.

   d. Defense counsel shall at all times maintain all Confidential Information in a secure area and shall exercise reasonable care in ensuring the continued confidentiality of all Confidential Information.

   e. Defense counsel, as well as his designated paralegals and investigators, including retained experts, shall not disclose any Confidential Information to any other person or entity, unless defense counsel obtains prior express written permission from the government or receives an order from the Court authorizing such disclosure.

   **f. Defense counsel is prohibited from providing defendant, or causing defendant to be provided, with any Confidential Information and shall not let defendant review any Confidential Information except in redacted form or in the presence of defense counsel or the presence of an investigator, paralegal, or expert working with defense counsel on the case.  Defendant shall not maintain, retain, or keep a copy of any Confidential Information.  Although defense counsel may review and discuss with defendants the contents of discovery materials containing Confidential Information, defense counsel shall ensure that defendant does not take notes or record in any manner any Confidential Information.**

   g. Defense counsel may permit an investigator, paralegal, expert, or other staff employed by defense counsel to view Confidential Information, but all such individuals also are prohibited from disseminating or disclosing to any other person or

1  entity, including defendant, any Confidential Information unless
2  defense counsel obtains prior express written permission from the
3  government or an order from the Court authorizing such disclosure.
4           h.   Nothing in this paragraph shall be read to preclude
5  the making of copies of Confidential Information for the purpose of
6  creating exhibits or trial preparation materials, or preparing for
7  trial in this case.  Moreover, nothing in this paragraph shall
8  restrict Confidential Information from being reviewed with a witness
9  or potential witness with respect to the trial in this case.  Before
10 being shown any Confidential Information, however, any witness or
11 potential witness must be informed of, and agree to be bound by, the
12 requirements of this Protective Order.  That is, any witness or
13 potential witness shall not disclose to any other person or entity
14 any Confidential Information.  Further, any witness or potential
15 witness may not retain Confidential Information, or any reproduction
16 or copy thereof, after his or her review of such information is
17 complete.  Further, any witness or potential witness may not write,
18 make, or retain any notes that include any Confidential Information.
19          i.   Defense counsel, as well as his designated paralegals
20 and investigators, including retained experts, may review discovery
21 materials containing Confidential Information only in connection
22 with preparing or presenting a defense in this case.  Upon the final
23 disposition of this case, whether by guilty plea, conviction at
24 trial, or otherwise, none of the Confidential Information obtained
25 during the course of litigation in this matter may be used, in any
26 way, for any reason, absent the express written agreement of the
27 government or an order by this Court.
28

1        j.    Upon the final disposition of this case, whether by
2  guilty plea, conviction at trial, or otherwise, defense counsel
3  shall, within ten business days, (1) return to the government or
4  destroy all materials containing Confidential Information; and
5  (2) certify in writing that defense counsel has complied with the
6  terms of this provision.
7        k.    No party to this stipulation may file any document
8  containing Confidential Information in any court filing without
9  first redacting the Confidential Information or obtaining an order
10 to file an unredacted version of the document containing
11 Confidential Information under seal.  All documents containing
12 Confidential Information filed in connection with any court filing
13 shall comply with Local Rule 79-5.
14       l.    In the event that defense counsel deems it necessary
15 for defendant to review any of the discovery containing Confidential
16 Information in this case outside of the presence of defense counsel,
17 his designated paralegals, investigators, or retained experts,
18 defense counsel shall notify the government prior to defendant doing
19 so.  The parties shall confer regarding a <u>limited</u> disclosure to
20 defendant of <u>redacted</u> discovery materials containing Confidential
21 Information.  Defense counsel shall provide only the <u>redacted</u>
22 discovery materials to defendant to ensure the confidentiality of
23 the Confidential Information.
24       m.    If defense counsel deems it necessary to provide
25 defendant with a copy of any discovery materials containing
26 unredacted Confidential Information, defense counsel will either
27 obtain the express written approval of the government or an order of
28 this Court prior to doing so.

1         n.   Defendant shall not disseminate, distribute or
2 reproduce in any manner, including by photocopying and scanning, any
3 discovery materials.
4         o.   This Stipulation and the Court's Order shall bind
5 defendant and his counsel of record, including any successor counsel
6 of record, whether retained by defendant or appointed by the Court.
7     IT IS SO STIPULATED.

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

Dated: 2/20/2014

WENDY T. WU
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: 2-18-14

HUNTER MOORE
Defendant

Dated: 2-18-14

ROBERT M. HOLLEY
Counsel for Defendant

7