```
ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
WENDY T. WU (Cal. State Bar No. 242075)
Assistant United States Attorney
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0619
     Facsimile: (213) 894-0141
     E-mail:    Wendy.Wu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>HUNTER MOORE and<br>CHARLES EVENS,<br>　　aka "Gary,"<br><br>　　　　Defendants. | No. CR 13-917-DMG<br><br>PROTECTIVE ORDER FOR DISCOVERY<br>RE: DEFENDANT HUNTER MOORE<br>[34] |
|---|---|

　　　Upon review of the parties' stipulation regarding a protective order for discovery filed on February 21, 2014, the Court finds, pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), that there is good cause to permit the Court to exercise its discretion to restrict discovery and inspection of certain sensitive information in this case, as further described below, and to grant such relief as is necessary to ensure its confidentiality.

　　　Accordingly, the Court issues the following protective order for discovery in this case:

1         a.   As used herein, "Confidential Information" includes
2    information belonging to any person who is or may become a victim or
3    witness in this case, including but not limited to personal
4    identification information, such as names, dates of birth,
5    addresses, phone numbers, Social Security numbers, e-mail addresses,
6    contents of e-mail and social media messages, and private pictures,
7    including nude or sexually explicit pictures, and any information
8    within the definitions of "means of identification" under 18 U.S.C.
9    § 1028(d)(7).
10        b.   The government shall not produce discovery materials
11   containing Confidential Information to defense counsel until such
12   time as the requested Protective Order is issued.
13        c.   All materials in any form that contain Confidential
14   Information shall be covered by this stipulated Protective Order.
15        d.   Defense counsel shall at all times maintain all
16   Confidential Information in a secure area and shall exercise
17   reasonable care in ensuring the continued confidentiality of all
18   Confidential Information.
19        e.   Defense counsel, as well as his designated paralegals
20   and investigators, including retained experts, shall not disclose
21   any Confidential Information to any other person or entity, unless
22   defense counsel obtains prior express written permission from the
23   government or receives an order from the Court authorizing such
24   disclosure.
25        f.   Defense counsel shall not provide defendant, or cause
26   defendant to be provided, with any Confidential Information and
27   shall not let defendant review any Confidential Information except
28   in redacted form or in the presence of defense counsel or the

1 presence of an investigator, paralegal, or expert working with
2 defense counsel on the case.  Defendant shall not maintain, retain,
3 or keep a copy of any Confidential Information.  Although defense
4 counsel may review and discuss with defendants the contents of
5 discovery materials containing Confidential Information, defense
6 counsel shall ensure that defendant does not take notes or record in
7 any manner any Confidential Information.
8       g.   Defense counsel may permit an investigator,
9 paralegal, expert, or other staff employed by defense counsel to
10 view Confidential Information, but all such individuals also are
11 prohibited from disseminating or disclosing to any other person or
12 entity, including defendant, any Confidential Information unless
13 defense counsel obtains prior express written permission from the
14 government or an order from the Court authorizing such disclosure.
15       h.   Nothing in this paragraph shall be read to preclude
16 the making of copies of Confidential Information for the purpose of
17 creating exhibits or trial preparation materials, or preparing for
18 trial in this case.  Moreover, nothing in this paragraph shall
19 restrict Confidential Information from being reviewed with a witness
20 or potential witness with respect to the trial in this case.  Before
21 being shown any Confidential Information, however, any witness or
22 potential witness must be informed of, and agree to be bound by, the
23 requirements of this Protective Order.  That is, any witness or
24 potential witness shall not disclose to any other person or entity
25 any Confidential Information.  Further, any witness or potential
26 witness may not retain Confidential Information, or any reproduction
27 or copy thereof, after his or her review of such information is
28

complete.  Further, any witness or potential witness may not write, make, or retain any notes that include any Confidential Information.

  i. Defense counsel, as well as his designated paralegals and investigators, including retained experts, may review discovery materials containing Confidential Information only in connection with preparing or presenting a defense in this case.  Upon the final disposition of this case, whether by guilty plea, conviction at trial, or otherwise, none of the Confidential Information obtained during the course of litigation in this matter may be used, in any way, for any reason, absent the express written agreement of the government or an order by this Court.

  j. Upon the final disposition of this case, whether by guilty plea, conviction at trial, or otherwise, defense counsel shall, within ten business days, (1) return to the government or destroy all materials containing Confidential Information; and (2) certify in writing that defense counsel has complied with the terms of this provision.

  k. No party to this stipulation may file any document containing Confidential Information in any court filing without first redacting the Confidential Information or obtaining an order to file an unredacted version of the document containing Confidential Information under seal.  All documents containing Confidential Information filed in connection with any court filing shall comply with Local Rule 79-5.

  l. In the event that defense counsel deems it necessary for defendant to review any of the discovery containing Confidential Information in this case outside of the presence of defense counsel, his designated paralegals, investigators, or retained experts,

defense counsel shall notify the government prior to defendant doing so.  The parties shall confer regarding a <u>limited</u> disclosure to defendant of <u>redacted</u> discovery materials containing Confidential Information.  Defense counsel shall provide only the <u>redacted</u> discovery materials to defendant to ensure the confidentiality of the Confidential Information.

     m.  If defense counsel deems it necessary to provide defendant with a copy of any discovery materials containing unredacted Confidential Information, defense counsel shall either obtain the express written approval of the government or an order of this Court prior to doing so.

     n.  Defendant shall not disseminate, distribute or reproduce in any manner, including by photocopying and scanning, any discovery materials.

     o.  This Stipulation and the Court's Order shall bind defendant and his counsel of record, including any successor counsel of record, whether retained by defendant or appointed by the Court.

  IT IS SO ORDERED.

DATED:  February 27, 2014

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE