ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
Wendy T. Wu (CA SBN 242075)
Assistant United States Attorney
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0619
     Facsimile: (213) 894-8601
     Email:     Wendy.Wu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 13-917-DMG |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u> |
| v. | |
| HUNTER MOORE and CHARLES EVENS, aka "Gary," | |
| Defendants. | CURRENT TRIAL DATE: Mar. 25, 2014 [PROPOSED] TRIAL DATE: Sept. 9, 2014 |
| | CURRENT STATUS CONFERENCE: Mar. 12, 2014, 2:30 p.m. [PROPOSED] STATUS CONFERENCE: Aug. 27, 2014, 2:30 p.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Wendy T. Wu, defendant Hunter Moore, both individually and by and through his counsel of record, Robert M. Holley, Esq., and defendant Charles Evens, both individually and by and through his counsel of record,

Deputy Federal Public Defender ("DFPD") Jill Ginstling, hereby stipulate as follows:

1. The Indictment in this case was filed on December 20, 2013. Defendant Evens first appeared before a judicial officer of the court in which the charges in this case were pending on January 23, 2014. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 3, 2014. On January 23, 2014, the Court set a trial date of March 25, 2014, and a status conference date of March 12, 2014.

2. Defendant Moore first appeared before a judicial officer of the court in which the charges in this case were pending on February 7, 2014. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 18, 2014. On February 7, 2014, the Court set a trial date of April 8, 2014, and a status conference date of March 19, 2014.

3. Defendants are released on bond pending trial.

4. The parties estimate that the trial in this matter will last approximately four days.

5. By this stipulation, defendants move to continue the trial date to September 9, 2014, and the status conference to August 27, 2014, at 2:30 p.m. This is the first request for a continuance.

6. The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendants are charged with violations of 18 U.S.C. § 371: Conspiracy; 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i): Unauthorized Access to a Protected Computer to Obtain Information; 18 U.S.C. § 1028A: Aggravated Identity Theft; and 18 U.S.C. § 2:

1  Aiding and Abetting and Causing an Act To Be Done.  The government
2  has produced discovery to the defense, including approximately 1,200
3  pages consisting of law enforcement investigative reports, federal
4  search warrants, emails, bank records, and other documents.  The
5  government has also produced a  CD containing recorded statements
6  made by defendants during interviews with the Federal Bureau of
7  Investigation ("FBI").  In addition, the discovery includes a large
8  volume of electronic data, including records from Internet Service
9  Providers.  The government also has made available for inspection
10 and copying the digital devices seized pursuant to search warrants.
11         b.   Defense counsel may retain computer experts to
12 analyze the digital data and evidence seized in the case.
13         c.   Counsel for defendant Evens is scheduled to be out of
14 the country from March 12 through March 31, 2013, and also is
15 presently scheduled for trial in the following cases:
16              i.   U.S. v. Davis, CR 13-589-CAS, a sex trafficking
17 of minors case set for trial on April 22, 2014.
18              ii.  U.S. v Turtenwald, CR 13-194-FMO, a case
19 involving possession and manufacture of explosive devices set for
20 trial on May 13, 2014.
21         d.   In light of the foregoing, counsel for defendants
22 also represent that additional time is necessary to confer with
23 defendants, conduct and complete an independent investigation of the
24 case, conduct and complete additional legal research including for
25 potential pre-trial motions, review the discovery and potential
26 evidence in the case, and prepare for trial in the event that a
27 pretrial resolution does not occur.  Defense counsel represent that
28

failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   e. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

   f. The government does not object to the continuance.

   g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

 7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 25, 2014, to September 9, 2014, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

1    8.    Nothing in this stipulation shall preclude a finding that
2 other provisions of the Speedy Trial Act dictate that additional
3 time periods be excluded from the period within which trial must
4 commence.  Moreover, the same provisions and/or other provisions of
5 the Speedy Trial Act may in the future authorize the exclusion of
6 additional time periods from the period within which trial must
7 commence.
8    IT IS SO STIPULATED.

Dated: March 7, 2014          ANDRÉ BIROTTE JR.
                              United States Attorney

                              ROBERT E. DUGDALE
                              Assistant United States Attorney
                              Chief, Criminal Division


                                    /s/
                              ─────────────────────────────────
                              WENDY T. WU
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA

17    I am HUNTER MOORE's attorney.  I have carefully discussed every
18 part of this stipulation and the continuance of the trial date with
19 my client. I have fully informed my client of his Speedy Trial
20 rights.  To my knowledge, my client understands those rights and
21 agrees to waive them.  I believe that my client's decision to give
22 up the right to be brought to trial earlier than September 9, 2014,
23 is an informed and voluntary one.

 /s/ by e-mail authorization            3/7/2014
─────────────────────────────────      ─────────────
ROBERT M. HOLLEY                        Date
Attorney for Defendant
HUNTER MOORE

I am CHARLES EVENS' attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than September 9, 2014, is an informed and voluntary one.

 /s/ by e-mail authorization                    3/7/2014
JILL GINSTLING                                  Date
Deputy Federal Public Defender
Attorney for Defendant
CHARLES EVENS