FILED
CLERK, U.S. DISTRICT COURT

Sept 11, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ KT \_\_\_\_\_ DEPUTY

**ROBERT M. HOLLEY, SBN 50769**
Attorney at law
2150 River Plaza Drive, Ste. 170
Sacramento, CA 95833
(916) 870-7779 - Phone
(916) 920-0355 - Fax
attyob@aol.com

**Attorney for Defendant
HUNTER MOORE**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        Plaintiff,<br><br>    v.<br><br>**HUNTER MOORE**<br><br>        Defendant. | Case No. CR 13-917-DMG<br><br>*EX PARTE* **APPLICATION TO FILE UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL** |

    Defendant HUNTER MOORE, through his attorney of record, Robert M. Holley, hereby submits this *ex parte* application to file under seal his MOTION TO CONTINUE SENTENCING.

    Dated: September 4, 2015

                                                Respectfully submitted,

                                                */s/ Robert M. Holley*

                                                Robert M. Holley
                                                Counsel for Hunter Moore

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. The Court May Seal Its Records To Protect a Party's Interests

A court has supervisory powers over its records and files to seal documents under appropriate circumstances. *See United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987); *In re Sealed Affidavit(s) to Search Warrants*, 600 F.2d 1256, 1257 (9th Cir. 1979). Although there is a strong presumption of public access to court records, a party desiring to seal documents filed with the court may overcome this presumption by presenting facts known to the Court which demonstrate a likelihood of improper use of the material, such as for scandalous or libelous purposes or that its use will infringe upon fair trial or privacy rights. *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986); *see also Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). A court is to balance the likelihood of improper use with the public's interest in understanding the judicial process to determine whether the presumption of access is overcome. *Valley Broadcasting*, 798 F.2d at 1294.

## II. Contents of Motion to Continue Sentencing

This motion is based upon detailed information that was contained in the presentence report along with the personal statements and beliefs of Mr. Moore and his private communications with his counsel. The motion contains details about how both the prosecution and the defense are conducting their presentence investigation on the issues brought up by the presentence report. It talks about details of conversations between opposing counsel concerning issues with the continuance such as victim concerns etc. The motion also contains details of how the expert intends to conduct his investigation, and counsel's personal reasons as to why this motion is filed at this particular time. A cursory reading of counsel's declaration reveals numerous items of information which should never be made public as it would have a deleterious effect on an attorney's ability to communicate candidly with the Court on important matters such as a request for continuance to allow for much needed investigation.

This particular case, because of the factual nature of the subject matter, has drawn much unneeded and unwanted publicity that sometimes makes it difficult to be fair and objective. Any information that the press can grab onto can be twisted and blown up to something that it is not and was never intended to be. The information contained in this motion to continue is absolutely necessary for the Court's understanding about what is happening and how the parties are proceeding. But in the wrong hands, it can have a very deleterious effect on our judicial system not to mention the defendants and their families. This motion to continue the sentencing hearing must be filed under seal.

Dated:  September 3, 2015

Respectfully submitted,

/s/ *Robert M. Holley*
ROBERT M. HOLLEY
Counsel for Hunter Moore

### DECLARATION OF COUNSEL

I, Robert M. Holley, hereby declare as follows:

1. I am an attorney duly authorized to practice law in the State and Central District of California. I represent Mr. Hunter Moore, defendant in Case Number CR 13-0917-DMG.

2. I am filing Mr. Moore's Motion to Continue Sentencing. The motion contains information taken directly from the pre-sentence report in this case. The motion contains much information obtained by communication between counsel, between the defense counsel and his client, and between the defense counsel and his proposed expert. The contents of the motion were necessary

for the Court's understanding of the issues.  However, none of these matters should be made public as doing so would damage the ability of the attorneys to be candid with the Court in sensitive matters such as the ones at bar.   It is both necessary and appropriate to file this Application and attached exhibits under seal.

3. I have left a telephonic message for Assistant United States Attorney Ms. Wendy Wu explaining this application to file under seal determine her position regarding this *ex parte* application to file under seal.  I have not yet received a response.

I hereby declare that the foregoing is true and correct.

DATED:  September 4, 2015

 */s/ Robert M. Holley*
ROBERT M. HOLLEY
Counsel for Mr. Moore

4