ROBERT M. HOLLEY, SBN 50769
Attorney at law
2150 River Plaza Drive, Ste. 164
Sacramento, CA 95833
(916) 870-7779 - Phone
(916) 922-2288 - Fax
attyob@aol.com

Attorney for Defendant
HUNTER MOORE

```
                     FILED
          CLERK, U.S. DISTRICT COURT

               Nov. 25, 2015

         CENTRAL DISTRICT OF CALIFORNIA
         BY:      KT        DEPUTY
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. CR 13-917-DMG |
|---|---|
| Plaintiff, | *EX PARTE* APPLICATION TO FILE UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL |
| v. | |
| HUNTER MOORE | |
| Defendant. | |

Defendant HUNTER MOORE, through his attorney of record, Robert M. Holley, hereby submits this *ex parte* application to file his Sentencing Memorandum and accompanying exhibits under seal.

Dated: November 24, 2015

Respectfully submitted,

Robert M. Holley
Counsel for Hunter Moore

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. The Court May Seal Its Records To Protect a Party's Interests

A court has supervisory powers over its records and files to seal documents under appropriate circumstances. *See United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987); *In re Sealed Affidavit(s) to Search Warrants*, 600 F.2d 1256, 1257 (9th Cir. 1979). Although there is a strong presumption of public access to court records, a party desiring to seal documents filed with the court may overcome this presumption by presenting facts known to the Court which demonstrate a likelihood of improper use of the material, such as for scandalous or libelous purposes or that its use will infringe upon fair trial or privacy rights. *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986); *see also Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). A court is to balance the likelihood of improper use with the public's interest in understanding the judicial process to determine whether the presumption of access is overcome. *Valley Broadcasting*, 798 F.2d at 1294.

### II. Presentence Reports

Presentence reports contain information about a defendant's history, prior criminal record, and financial condition, as well as any information concerning the impact of the crime on the victim. *United States v. Schlette*, 842 F.2d 1574, 1577, (9th Cir, 1988), amended 854 F.3d 359 (9th Cir. 1988); *see* Fed. R. Crim.P. 32(b)(4). Because of the personal contents of the reports, PSRs are considered confidential documents. *Schlette*, 842 F.2d at 1579, 1583. Accordingly, courts have established a strong presumption in favor of confidentiality in determining whether to disclose a PSR to third parties. *Id.* at 1579. Courts weigh this strong presumption in favor of confidentiality against the needs for disclosure. *Id.* The need for disclosure must be necessary to "'serve the ends of justice.'" *Id.* (quoting *Berry v. Department of Justice*, 733 F.2d 1343, 1352 (9th Cir. 1984)).

### III. Application to This Case

Mr. Hunter Moore is filing a Sentencing Memorandum in response to the PSR, which is considered a confidential document. *Schlette*, 842 F.2d at 1579, 1583. Like the PSR, Mr. Moore's Sentencing Memorandum contains personal and highly sensitive information about his background, and that of his family, that is of little public interest. Moreover, the exhibits include a psychological report that contains deeply personal information about Mr. Moore. The Sentencing Memorandum is even more sensitive and personal than the Presentence Report. The Sentencing Memorandum and accompanying exhibits therefore should be filed under seal.

Dated: November 24, 2015

Respectfully submitted,

*/s/ Robert M. Holley*
ROBERT M. HOLLEY
Counsel for Hunter Moore

### DECLARATION OF COUNSEL

I, Robert M. Holley, hereby declare as follows:

1. I am an attorney duly authorized to practice law in the State and Central District of California. I represent Mr. Hunter Moore, defendant in Case Number CR 13-0917-DMG.

2. I am filing Mr. Moore's Sentencing Memorandum. The memorandum discusses deeply personal information about Mr. Moore and his family and information taken directly from the pre-sentence report in this case. Attachments to this memorandum include a psychological evaluation along with personal letters in support from family and friends. The information contained in this Memorandum are even more personal and confidential than the Presentence Report and public access

to such information would carry with it a strong likelihood of improper use such as for scandalous or libelous purposes.  It is both necessary and appropriate to file this Application and attached exhibits under seal.

3. I have left a telephonic message for Assistant United States Attorney Ms. Wendy Wu explaining this application to file under seal determine her position regarding this *ex parte* application to file under seal.  I have not yet received a response.

I hereby declare that the foregoing is true and correct.

DATED:  November 24, 2015

_____
ROBERT M. HOLLEY
Counsel for Mr. Moore

4